**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TERRITA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-00025-CV-W-DGK |
| | ) | |
| DENIS McDONOUGH, SECRETARY OF THE | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S ANSWER
# TO COMPLAINT

Pursuant to FED. R. CIV. P. 8, 12, named defendants Dennis McDonough, Secretary of the

Department of Veterans Affairs ("the VA"), and the United States of America ("United States"),

submit the following answer to the COMPLAINT AND JURY DEMAND [Doc. 1] file herein by

plaintiff Territa Smith ("Smith"):

## FIRST DEFENSE

Smith's COMPLAINT, in whole or in part, fails to state a claim against the VA and/or the

United States upon which relief can be granted under Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e, *et seq*. ("Title VII") or the Age Discrimination in Employment Act of 1967,

29 U.S.C. § 631 ("ADEA").

## SECOND DEFENSE

The United States is not a proper party-defendant in this action and any and all claims

asserted in Smith's COMPLAINT against the United States are barred by sovereign immunity.

## THIRD DEFENSE

The claims asserted in Smith's COMPLAINT, in whole or in part, are barred because of Smith's failure to timely raise and/or timely exhaust issues administratively and/or timely file an action in federal district court.

## FOURTH DEFENSE

All discrete employment decisions made and actions taken by the VA regarding Smith as described and alleged in her COMPLAINT were made and taken for *bona fide* business reasons (including legitimate business needs, managerial needs, and lawful principles of personnel management) and as a result of reasonable factors other than Smith's race, color, age, or prior participation in colorable protected activity, and such decisions and actions were without any discriminatory or retaliatory intent, purpose, effect, or pretext.

## FIFTH DEFENSE

No causal connection exists between Smith's race, color, age, or prior participation in colorable protected activity with respect to any actions taken or decisions made by the VA regarding Smith as described and alleged in her COMPLAINT.

## SIXTH DEFENSE

Any recovery of compensatory damages by Smith is capped by federal law.

## SEVENTH DEFENSE

Smith is not entitled to recover punitive damages against the VA or the United States.

**EIGHTH DEFENSE**

Smith cannot establish a *prima facie* case of discrimination or retaliation based on race, color, age, or prior participation in colorable protected activity.

**NINTH DEFENSE**

Smith did not sustain any adverse employment action or a material employment disadvantage as a result of some or all of the actions taken and decisions made by the VA with regard to Smith as described in her COMPLAINT.

**TENTH DEFENSE**

To the extent that Smith seeks to allege incidents of discriminatory and/or retaliatory conduct other than those raised in Smith's administrative discrimination complaint with the VA and/or asserts theories of discrimination and/or retaliation other than those raised in Smith's administrative discrimination complaint with the VA, such incidents, conduct, and theories of discrimination and/or retaliation are barred by the failure to exhaust administrative remedies and/or by the statute of limitations.

**ELEVENTH DEFENSE**

Smith was not accorded any different treatment by the VA than from other similarly situated (in all relevant respects) and similarly qualified individuals.

## TWELFTH DEFENSE

Smith has failed to reasonably mitigate her damages.

## THIRTEENTH DEFENSE

The events and working conditions that Smith was subjected to at the VA as described in Smith's COMPLAINT were not objectively sufficiently severe or pervasive so as to constitute a hostile working environment under Title VII.

## FOURTEENTH DEFENSE

The events and working conditions that Smith was subjected to at the VA as described in Smith's COMPLAINT were not objectively intolerable.

## FIFTEENTH DEFENSE

The decisions made and actions undertaken by the VA with regard to Smith were not arbitrary and capricious and were not contrary to any collective bargaining agreement between the VA and any union representing Smith.

## SIXTEENTH DEFENSE

If the VA or the United States is found liable to Smith, which liability is expressly denied, the VA and/or the United States are entitled to have any award of damages against either of them abated, reduced, or eliminated by the total amount paid to Smith from any government source.

## SEVENTEENTH DEFENSE

The VA exercised reasonable care to prevent and correct promptly any harassing behavior alleged by Smith and Smith unreasonably failed to take advantage of any preventive or corrective opportunities provided by VA or to avoid harm otherwise.

## EIGHTEENTH DEFENSE

Smith is not entitled to a trial by jury on any claims of age discrimination.

## NINETEENTH DEFENSE AND BY WAY OF FURTHER ANSWER

Without waiving any of the defenses set forth above, or other defenses available at law or equity, the VA and the United States answer the separately numbered paragraphs of Smith's COMPLAINT as follows:

### 1.

The VA and the United States admit that Smith purports to bring her action, in part, under the authority of Title VII as alleged in paragraph 1 of Smith's COMPLAINT. Further answering, the VA and the United States deny the remaining allegations contained in paragraph 1 of Smith's COMPLAINT.

### 2.

The VA and the United States deny the allegations contained in paragraph 2 of Smith's COMPLAINT.

**3.**

To the extent that Smith states cognizable claims under either Title VII or the ADEA, the VA and the United States admit that venue is proper in this Court as alleged in paragraph 3 of Smith's COMPLAINT.

**4.**

Upon information and belief, the VA and the United States admit the allegations contained in paragraph 4 of Smith's COMPLAINT.

**5.**

Upon information and belief, the VA and the United States admit the allegations contained in paragraph 5 of Smith's COMPLAINT.

**6.**

The VA and the United States admit the allegations contained in paragraph 6 of Smith's COMPLAINT.

**7.**

The VA and the United States admit that the VA operates a medical facility located at 4801 Linwood Boulevard, Kansas City, Missouri, as alleged in in paragraph 7 of Smith's COMPLAINT.

**8.**

The VA and the United States admit that Smith filed an administrative complaint of alleged discrimination with the VA as alleged in paragraph 8 of Smith's COMPLAINT. Further answering, the VA and the United States deny the remaining allegations contained in paragraph 8 of Smith's COMPLAINT.

**9.**

The VA and the United States deny the allegations contained in paragraph 9 of Smith's COMPLAINT.

**10.**

The VA and the United States admit that the VA issued a final agency decision on October 13, 2022 as alleged in in paragraph 10 of Smith's COMPLAINT. Further answering, the VA and the United States deny the remaining allegations contained in paragraph 10 of Smith's COMPLAINT.

**11.**

The VA and the United States deny the allegations contained in paragraph 11 of Smith's COMPLAINT.

**12.**

The VA and the United States deny the allegations contained in paragraph 12 of Smith's COMPLAINT.

**13.**

The VA and the United States admit that Smith purports to bring her action, in part, under the authority of Title VII as alleged in paragraph 13 of Smith's COMPLAINT. Further answering, the VA and the United States deny the remaining allegations contained in paragraph 13 of Smith's COMPLAINT.

**14.**

Upon information and belief, the VA and the United States admit the allegations contained in paragraph 14 of Smith's COMPLAINT.

**15.**

The VA and the United States admit the allegations contained in paragraph 15 of Smith's COMPLAINT.

**16.**

The VA and the United States admit that Jeanine Woods has been first line supervisor at times while Smith was employed by the VA as alleged in paragraph 163 of Smith's COMPLAINT.. Further answering, the VA denies the remaining allegations contained in paragraph 16 of Smith's COMPLAINT.

**17.**

The VA and the United States deny the allegations contained in paragraph 17 of Smith's COMPLAINT.

**18.**

The VA and the United States are without sufficient information to admit or deny the allegation contained in paragraph 18 of Smith's COMPLAINT.

**19.**

The VA and the United States deny the allegations contained in paragraph 19 of Smith's COMPLAINT.

**20.**

The VA and the United States deny the allegations contained in paragraph 20 of Smith's COMPLAINT.

**21.**

The VA and the United States admit the allegations contained in paragraph 21 of Smith's COMPLAINT.

**22.**

The VA and the United States deny the allegations contained in paragraph 22 of Smith's COMPLAINT.

**23.**

The VA and the United States deny the allegations contained in paragraph 23 of Smith's COMPLAINT.

**24.**

The VA and the United States deny the allegations contained in paragraph 24 of Smith's COMPLAINT.

**25.**

The VA and the United States deny the allegations contained in paragraph 25 of Smith's COMPLAINT.

**26.**

The VA and the United States deny the allegations contained in paragraph 26 of Smith's COMPLAINT.

**27.**

The VA and the United States deny the allegations contained in paragraph 27 of Smith's COMPLAINT.

**28.**

The VA and the United States deny the allegations contained in paragraph 28 of Smith's COMPLAINT.

**29.**

The VA and the United States deny the allegations contained in paragraph 29 of Smith's COMPLAINT.

**30.**

The VA and the United States deny the allegations contained in paragraph 30 of Smith's COMPLAINT.

**31.**

The VA and the United States deny the allegations contained in paragraph 31 of Smith's COMPLAINT.

**32.**

The VA and the United States deny the allegations contained in paragraph 32 of Smith's COMPLAINT.

**33.**

The VA and the United States deny the allegations contained in paragraph 33 of Smith's COMPLAINT.

**34.**

The VA and the United States deny the allegations contained in paragraph 34 of Smith's COMPLAINT.

**35.**

The VA and the United States deny the allegations contained in paragraph 35 of Smith's COMPLAINT.

**36.**

The VA and the United States deny the allegations contained in paragraph 36 of Smith's COMPLAINT.

**37.**

The VA and the United States deny the allegations contained in paragraph 37 of Smith's COMPLAINT.

**38.**

The VA and the United States deny the allegations contained in paragraph 38 of Smith's COMPLAINT.

**39.**

The VA and the United States deny the allegations contained in paragraph 39 of Smith's COMPLAINT.

**40.**

The VA and the United States admit that "huddle is a time important information regarding the Unit was discussed by the supervisors and staff" as alleged in paragraph 40 of Smith's COMPLAINT. Further answering, the VA and the United States deny the remaining allegations contained in paragraph 40 of Smith's COMPLAINT.

**41.**

The VA and the United States deny the allegations contained in paragraph 41 of Smith's COMPLAINT.

**42.**

The VA and the United States deny the allegations contained in paragraph 42 of Smith's COMPLAINT.

**43.**

The VA and the United States deny the allegations contained in paragraph 43 of Smith's COMPLAINT.

**44.**

The VA and the United States deny the allegations contained in paragraph 44 of Smith's COMPLAINT.

**45.**

The VA and the United States deny the allegations contained in paragraph 45 of Smith's COMPLAINT.

**46.**

The VA and the United States deny the allegations contained in paragraph 46 of Smith's COMPLAINT.

**47.**

The VA and the United States deny the allegations contained in paragraph 47 of Smith's COMPLAINT.

**48.**

The VA and the United States deny the allegations contained in paragraph 48 of Smith's COMPLAINT.

**49.**

The VA and the United States deny the allegations contained in paragraph 49 of Smith's COMPLAINT.

**50.**

The VA and the United States deny the allegations contained in paragraph 50 of Smith's COMPLAINT.

**51.**

The VA and the United States deny the allegations contained in paragraph 51 of Smith's COMPLAINT.

**52.**

The VA and the United States deny the allegations contained in paragraph 52 of Smith's COMPLAINT.

**53.**

The VA and the United States deny the allegations contained in paragraph 53 of Smith's COMPLAINT.

**54.**

The VA and the United States deny the allegations contained in paragraph 54 of Smith's COMPLAINT.

**55.**

The VA and the United States deny the allegations contained in paragraph 55 of Smith's COMPLAINT.

**56.**

The VA and the United States deny the allegations contained in paragraph 56 of Smith's COMPLAINT.

**57.**

The VA and the United States deny the allegations contained in paragraph 57 of Smith's COMPLAINT.

**58.**

The VA and the United States deny the allegations contained in paragraph 58 of Smith's COMPLAINT.

**59.**

The VA and the United States deny the allegations contained in paragraph 59 of Smith's
COMPLAINT.

**60.**

The VA and the United States deny the allegations contained in paragraph 60 of Smith's
COMPLAINT.

**61.**

The VA and the United States deny the allegations contained in paragraph 61 of Smith's
COMPLAINT.

**62.**

The VA and the United States deny the allegations contained in paragraph 62 of Smith's
COMPLAINT.

**63.**

The VA and the United States deny the allegations contained in paragraph 63 of Smith's
COMPLAINT.

**64.**

The VA and the United States deny the allegations contained in paragraph 64 of Smith's
COMPLAINT.

**65.**

The VA and the United States deny the allegations contained in paragraph 65 of Smith's COMPLAINT.

**66.**

The VA and the United States deny the allegations contained in paragraph 66 of Smith's COMPLAINT.

**67.**

The VA and the United States deny the allegations contained in paragraph 67 of Smith's COMPLAINT.

**68.**

The VA and the United States deny the allegations contained in paragraph 68 of Smith's COMPLAINT.

**69.**

The VA and the United States admit that Smith was on call on April 22, 2021, as alleged in paragraph 69 of Smith's COMPLAINT. Further answering, the VA and the United States deny the remaining allegations contained in paragraph 69 of Smith's COMPLAINT.

**70.**

The VA and the United States deny the allegations contained in paragraph 0 of Smith's COMPLAINT.

**71.**

The VA and the United States admit the allegations contained in paragraph 71 of Smith's COMPLAINT.

**72.**

The VA and the United States deny the allegations contained in paragraph 72 of Smith's COMPLAINT.

**73.**

The VA and the United States are without sufficient information to admit or deny the allegations contained in paragraph 73 of Smith's COMPLAINT.

**74.**

The VA and the United States are without sufficient information to admit or deny the allegations contained in paragraph 74 of Smith's COMPLAINT.

**75.**

The VA and the United States deny the allegations contained in paragraph 75 of Smith's COMPLAINT.

**76.**

The VA and the United States deny the allegations contained in paragraph 76 of Smith's COMPLAINT.

**77.**

The VA and the United States deny the allegations contained in paragraph 77 of Smith's COMPLAINT.

**78.**

The VA and the United States deny the allegations contained in paragraph 78 of Smith's COMPLAINT.

**79.**

The VA and the United States deny the allegations contained in paragraph 79 of Smith's COMPLAINT.

**80.**

The VA and the United States are without sufficient information to admit or deny the allegations contained in paragraph 80 of Smith's COMPLAINT.

**81.**

The VA and the United States deny the allegations contained in paragraph 81 of Smith's COMPLAINT.

**82.**

The VA and the United States deny the allegations contained in paragraph 82 of Smith's COMPLAINT.

**83.**

The VA and the United States deny the allegations contained in paragraph 83 of Smith's COMPLAINT.

**84.**

The VA and the United States deny the allegations contained in paragraph 84 of Smith's COMPLAINT.

**85.**

The VA and the United States deny the allegations contained in paragraph 85 of Smith's COMPLAINT.

**86.**

The VA and the United States deny the allegations contained in paragraph 86 of Smith's COMPLAINT.

**87.**

The VA and the United States deny the allegations contained in paragraph 87 of Smith's COMPLAINT.

**88.**

The VA and the United States deny the allegations contained in paragraph 88 of Smith's COMPLAINT.

**89.**

The VA and the United States deny the allegations contained in paragraph 89 of Smith's COMPLAINT.

**90.**

The VA and the United States deny the allegations contained in paragraph 90 of Smith's COMPLAINT.

**91.**

The VA and the United States deny the allegations contained in paragraph 91 of Smith's COMPLAINT.

**92.**

The VA and the United States deny the allegations contained in paragraph 92 of Smith's COMPLAINT.

**93.**

The VA and the United States deny the allegations contained in paragraph 93 of Smith's COMPLAINT.

**94.**

The VA and the United States are without sufficient information to admit or deny the allegations contained in paragraph 94 of Smith's COMPLAINT.

**95.**

The VA and the United States deny the allegations contained in paragraph 95 of Smith's COMPLAINT.

**96.**

The VA and the United States deny the allegations contained in paragraph 96 of Smith's COMPLAINT.

**97.**

The VA and the United States deny the allegations contained in paragraph 97 of Smith's COMPLAINT.

**98.**

The VA and the United States deny the allegations contained in paragraph 58 of Smith's COMPLAINT.

**99.**

The VA and the United States deny the allegations contained in paragraph 59 of Smith's COMPLAINT.

**100.**

The VA and the United States deny the allegations contained in paragraph 100 of Smith's COMPLAINT.

## COUNT I
## [RACE DISCRIMINATION – DISPARATE TREATMENT]

**101.**

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 100, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

**102.**

Upon information and belief, the VA and the United States admit the allegations contained in paragraph 102 of Smith's COMPLAINT.

**103.**

The VA and the United States deny the allegations contained in paragraph 103 of Smith's COMPLAINT.

**104.**

The VA and the United States deny the allegations contained in paragraph 104, including subparagraphs (a)-(f), inclusive, of Smith's COMPLAINT.

**105.**

The VA and the United States deny the allegations contained in paragraph 105 of Smith's COMPLAINT.

**106.**

The VA and the United States deny the allegations contained in paragraph 106 of Smith's COMPLAINT.

## COUNT II
## [HOSTILE ENVIRONMENT BASED ON RACE AND COLOR]

**107.**

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 107, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

**108.**

The VA and the United States deny the allegations contained in paragraph 108, including subparagraphs (a)-(g), inclusive, of Smith's COMPLAINT.

**109.**

The VA and the United States deny the allegations contained in paragraph 109 of Smith's COMPLAINT.

24

**COUNT III**
**[RETALIATION]**

**110.**

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 109, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

**111.**

The VA and the United States deny the allegations contained in paragraph 111 of Smith's COMPLAINT.

**112.**

The VA and the United States deny the allegations contained in paragraph 112 of Smith's COMPLAINT.

**113.**

The VA and the United States deny the allegations contained in paragraph 113, including subparagraphs (a)-(e), inclusive, of Smith's COMPLAINT.

**114.**

The VA and the United States deny the allegations contained in paragraph 114 of Smith's COMPLAINT.

**115.**

The VA and the United States deny the allegations contained in paragraph 115 of Smith's COMPLAINT.

**COUNT IV**
**[DISCRIMINATION BASED UPON AGE]**

**116.**

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 115, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

**117.**

Upon information and belief, the VA and the United States admit the allegations contained in paragraph 117 of Smith's COMPLAINT.

**118.**

The VA and the United States deny the allegations contained in paragraph 103 of Smith's COMPLAINT.

**119.**

The VA and the United States deny the allegations contained in paragraph 104, including subparagraphs (a)-(f), inclusive, of Smith's COMPLAINT.

The VA and the United States deny the allegations contained in paragraph 120 of Smith's COMPLAINT.

The VA and the United States deny the allegations contained in paragraph 121 of Smith's COMPLAINT.

**COUNT V**
**[HOSTILE ENVIRONMENT BASED ON AGE]**

**122.**

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 121, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

**123.**

The VA and the United States deny the allegations contained in paragraph 123, including subparagraphs (a)-(g), inclusive, of Smith's COMPLAINT.

**124.**

The VA and the United States deny the allegations contained in paragraph 124 of Smith's COMPLAINT.

## COUNT VI
## [RETALIATION]

### 125.

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 124, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

### 126.

The VA and the United States deny the allegations contained in paragraph 126 of Smith's COMPLAINT.

### 127.

The VA and the United States deny the allegations contained in paragraph 127 of Smith's COMPLAINT.

### 128.

The VA and the United States deny the allegations contained in paragraph 128, including subparagraphs (a)-(f), inclusive, of Smith's COMPLAINT.

### 129.

The VA and the United States deny the allegations contained in paragraph 129 of Smith's COMPLAINT.

## COUNT VI
## [CONSTRUCTIVE DISCHARGE]

### 130.

The VA and the United States incorporate by reference their responses set forth above to the allegations made in paragraphs 1 through 129, inclusive, of Smith's COMPLAINT as though those responses were set out *haec verba* herein.

### 131.

The VA and the United States deny the allegations contained in paragraph 131 of Smith's COMPLAINT.

### 132.

The VA and the United States deny the allegations contained in paragraph 132 of Smith's COMPLAINT.

### 133.

The VA and the United States deny the allegations contained in paragraph 133 of Smith's COMPLAINT.

### 134.

The VA and the United States deny the allegations contained in paragraph 134 of Smith's COMPLAINT.

## GENERAL DENIAL

Any allegation contained in Smith's COMPLAINT which has not been specifically and expressly admitted by the VA and the United States herein is hereby denied. Further answering, the VA and the United States deny that Smith is entitled to any legal or equitable remedy or relief prayed for in Smith's COMPLAINT, including, but not limited to, the remedies listed and/or requested in any paragraph (numbered or otherwise) of Smith's COMPLAINT.

WHEREFORE, having fully and completely answered the COMPLAINT, named defendants Dennis McDonough, Secretary of the Department of Veterans Affairs, and the United States of America, prays that the COMPLAINT filed by plaintiff Territa Smith be dismissed with prejudice, that judgment be entered in favor of the VA and the United States, that costs be assessed against Smith and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    */s/ Jeffrey P. Ray*

Jeffrey P. Ray
Deputy United States Attorney
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
(816) 426-3130
FAX: (816) 426-3165
E-MAIL: Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR DEFENDANTS
DENNIS MCDONOUGH, SECRETARY
OF THE DEPARTMENT OF VETERANS
AFFAIRS, and THE UNITED STATES
OF AMERICA

30