# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| TERRITA SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-00025-CV-W-DGK |
| ) | |
| SONNY PERDUE, SECRETARY, UNITED ) | |
| STATES DEPARTMENT OF AGRICULTURE, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS THE UNITED STATES AS A NAMED DEFENDANT

Pursuant to FED. R. CIV. P. 12(b)(6), the United States of America, identified as a separate defendant in the caption of the COMPLAINT AND JURY DEMAND[1] [Doc. 1], respectfully requests that the Court enter an order dismissing the United States as a party-defendant in this employment discrimination action filed by plaintiff Territa Smith ("Smith").

Smith brought this action alleging employment discrimination and harassment in the VA workplace based on Smith's race, age, and prior participation in colorable protected activity. Inasmuch as Smith is a federal government employee, the alleged discrimination claims are cognizable, if at all, only under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and/or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 631 ("ADEA")

---

[1] The COMPLAINT in this case also names as a party-defendant Denis McDonough, Secretary, United States Department of Veterans Affairs ("VA"). Inasmuch as the "head of the agency" is the only properly named defendant in an employment discrimination case against a federal government employer, this motion does not seek his dismissal.

Those laws provide that an aggrieved federal employee may bring a civil action alleging employment discrimination "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).[2]

Consequently, it is well-settled that the "United States" is not a proper party in a Title VII or ADEA case and should be dismissed, particularly where the proper party-defendant has also been named in the litigation. See, e.g., *Leek v. United States*, 2016 WL 1065790, op. at *4 (C.D. Cal. Mar. 17, 2016) ( "Title VII . . . claims must be dismissed against Defendant United States . . . as [it is] not the proper defendant"); *Johnson v. Am. Overseas Marine Corp.*, 2006 WL 3290462, op. at *2 (E.D. La. Nov. 9, 2006) ("the United States is not a proper party in a Title VII action"); *Carlson v. Veneman,* 2002 WL 413807, op. at *1 (N.D.Cal. March 12, 2002) ("a plaintiff may not 'bootstrap' additional causes of action against the United States . . . onto his Title VII complaint"); *Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir. 1989); *Dean v. United States*, 484 F. Supp. 888, 890 (D.N.D. 1980).

For the foregoing reasons, defendant United States respectfully requests that the Court enter an order dismissing it as a named party-defendant because the COMPLAINT AND JURY DEMAND herein fails to state a claim upon which relief may be granted against the United States.

---

[2] The ADEA does not specify who must be named as a proper party defendant in an age discrimination case, but the ADEA federal-sector provisions have consistently and regularly been construed consistently with the Title VII provision to require that suit be brought against the head of the subject federal government agency. See, e.g., *Murillo v. Kittelson*, 2020 WL 3250231, at *4 (D. Neb. June 16, 2020); *Wilson v. Shulkin*, 2017 WL 5070534, at *2 (E.D. Mo. Nov. 3, 2017); *Barhorst v. Marsh*, 765 F. Supp. 995, 999 (E.D. Mo. 1991); *Gillispie v. Helms*, 559 F.Supp. 40, 41 (W.D. Mo. 1983).

Respectfully submitted,

Teresa A. Moore
United States Attorney

By  */s/ Jeffrey P. Ray*

Jeffrey P. Ray
Deputy United States Attorney
Missouri Bar No. 35632

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, MO 64106
(816) 426-4300   FAX: (816) 426-3165
E-MAIL: jeffrey.ray@usdoj.gov

ATTORNEYS FOR DEFENDANTS UNITED STATES AND DENIS McDONOUGH, , SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

3

Case 4:23-cv-00025-DGK     Document 7     Filed 04/14/23     Page 3 of 3