

**DEPARTMENT OF VETERANS AFFAIRS**
Office of Resolution Management, Diversity & Inclusion
2255 Enterprise Drive, Suite 5506
Westchester, IL 60154

In reply refer to: 08O

December 21, 2021

Via Email: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ territa.smith@va.gov

Territa Smith
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**SUBJECT: Notice of Acceptance of Your EEO Complaint, Case No. 200J-0589-2021105154, Filed October 27, 2021, against Officials of the Kansas City VA Medical Center, Kansas City, MO**

1. On August 11, 2021, you initiated contact with an EEO counselor. Counseling concluded on October 8, 2021, when you were emailed the *Notice of Right to File a Discrimination Complaint*, which you received on October 12, 2021. On October 27, 2021, you filed a formal complaint of discrimination, VA Form 4939.

2. Your complaint of discrimination raises the following claims:[1]

**Whether complainant is subjected to a hostile work environment based on Age and Race (Black) when: a) in March 2021, Jeanine Wood (JW), Nurse Manager, accused her of not being with her Preceptor at all times; b) since March 2021, JW assigns her duties and then forgets that she did so; c) since March 2021, she is called out for being late to huddles; d) since March 2021, co-workers keep changing how they do procedures; e) on or about March 1, 2021, she was accused of not telling the truth about her whereabouts; f) since April 2021, JW has had employees look for her; g) since April 2021, she is bullied by her White co-workers; h) since April 2021, JW asks her if she needs counseling or if she needs to go to Employee Assistance Program Services; i) on April 13, 2021, JW said she would not change the morning rotation; j) on or about April 22, 2021, she was questioned as to why she stayed late;[2] k) on June 14, 2021, a co-worker was demeaning towards her in a meeting; l) on August 3, 2021, JW told her that her leave requests could result in extending her orientation or lead to termination; m) on or around August 6, 2021, JW spoke to her about her leave usage; n) on August 10, 2021, JW gave her a dirty look; o) on August 18, 2021, a co-worker would not give her consistent one-on-one training; p) on August 20,**

---

[1] On November 24, and December 6, 2021, the Case Manager emailed complainant asking her to clarify what exactly happened on October 11, 2021 (event 2), if she filed a Union Grievance, and if she issued a written reprimand in April 2021, but complainant did not respond. On December 16, 2021, the EEO Program Manager confirmed that complainant was not proposed or issued a reprimand and there is no record of any grievance filing.
[2] During informal counseling, complainant stated that another employee stayed late and was not reprimanded. It is not known whether this was a verbal or written reprimand or if this was just an email questioning her as to why she stayed late.

**2021, JW sent her an email regarding being late to the morning huddle; q) on or around August 20, 2021, JW accused her of arguing with her; r) on August 25, 2021, JW scheduled another meeting with her; s) on August 26, 2021, JW congratulated a co-worker, but did not congratulate her for the doing the same task; t) on August 31, 2021, a co-worker argued with her; u) on September 19, 2021, a co-worker called her out in the morning huddle; v) on October 15 and 18, 2021, JW told her she did not receive her self-assessment; and includes the following timely raised independently actionable claims:**

**(1) On September 16, 2021, she was forced to use sick leave to get her Covid-19 shot.**

**(2) On October 11, 2021, she lost her Leave without Pay time.**

3. In assessing a hostile environment claim, the totality of the circumstances must be examined, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance and (5) there is a basis for imputing liability to the employer.[3] A hostile environment claim generally requires a showing of a pattern of denigrating conduct that unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment.[4] In determining whether harassment is sufficiently severe or pervasive to create a claim of hostile environment, the harasser's conduct is evaluated from the objective standpoint of a reasonable person. An objectively hostile or abusive work environment is created only when a reasonable person would find it hostile or abusive.

4. We have determined your claim of harassment passes the severe or pervasive requirement for further processing. The above-identified events establish a pattern of conduct that could create a hostile work environment and/or that could interfere with the job performance of a reasonable person.

5. As outlined above, **events (1) and (2) in paragraph 2** have been **ACCEPTED for investigation as independent claims,** and the **harassment claim, consisting of all events**, is also **ACCEPTED** for investigation.

6. If you believe that the accepted claims are formulated improperly, incomplete, or incorrect, you must notify this office within **seven (7) calendar days** of receipt of this letter, in writing, by email, or fax, stating your disagreement. We will include your statement in the complaint file. If you do not contact this office within **7 calendar days**, we will assume that we correctly stated the claims. **You are *strongly encouraged* to use**

---

[3] See *McCleod v. Social Security Administration*, EEOC Appeal No. 01963810 (August 5, 1999) (citing *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982).
[4] See *Vance C., v. Social Security Administration,* EEOC Appeal No. 2019004877 (September 17, 2020); *Cobb v. Dep't of the Treasury*, EEOC Request No. 05970077 (March 13, 1997).

email to submit your documents to **patricia.martinez2@va.gov**.

7. We will assign the accepted claims to an impartial Investigator under the supervision of the Office of Resolution Management, Diversity & Inclusion (ORMDI). The Investigator will contact you directly to obtain information or evidence you may wish to offer. The Investigator is only authorized to investigate the claims specified.

8. You have additional rights that are explained fully in the enclosure to this letter.

9. **Failure to keep this office advised of any change of address could dismiss your complaint**. You must also immediately advise this office, in writing, of the name, address, and telephone number of any person you may choose to represent you. If you advise us of legal representation, we will email all subsequent complaint-related correspondence to your representative, with copies to you, unless you advise us, in writing, that that individual no longer represents you.

10. Our fax number is (708) 236-2898. If you have any questions, please contact Patricia Martinez, ORMDI Case Manager, at (708) 236-2811, patricia.martinez2@va.gov. **You are *strongly encouraged* to use email to submit your correspondence and/or documents to ORMDI.**

                                    Sincerely,

                                    *Jessica Choi*

for    Ida O'Neal
        Acting District Manager
        Midwest District

Enclosure: Complainant's Rights

cc: Lisa Curnes, Interim Director, via email: lisa.curnes@va.gov
    Lesley Andrews, EEO Program Manager, via email: Lesley.andrews@va.gov